[No. 13807.   Department One.   April 12, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Alfred H. Lundin,*
*Prosecuting Attorney for King County, Respondent,* v.
JAMES CAMPBELL *et al., Appellants,* PEOPLES
SAVINGS BANK *et al., Defendants.*[1]

Appeal from a judgment of the superior court for King county,
Gilliam, J., entered April 10, 1916, upon findings in favor of the
plaintiff, in an action to abate a nuisance. Reversed.

*W. H. Beatty* and *R. E. Thompson,* for appellants.
*Alfred H. Lundin* and *Lane Summers,* for respondent.

WEBSTER, J.—The sole question for determination in this case is
whether, under the provisions of chapter 127, Laws of 1913, page 391,
Rem. Code, § 946-1 *et seq.,* commonly known as the Red Light Law,
the tax or penalty which the statute provides shall be entered as a
part of the decree of abatement may be assessed against the person
and property of the owner of the premises upon which the nuisance
is maintained, in the absence on his part of knowledge, either actual
or constructive, of the existence of the nuisance.

This precise question is answered in the negative by this court
in the case of *State ex rel. Kern v. Emerson,* 90 Wash. 565, 155 Pac.
579, L. R. A. 1916F 325, and upon the authority of that case, the judg-
ment appealed from is reversed, with direction to discharge appel-
lants from the tax or penalty in so far as it affects their persons and
property.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.

[1]Reported in 163 Pac. 279.